# EXHIBIT 2

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, STATE OF COLORADO<br>1437 BANNOCK STREET<br>DENVER, CO 80202<br><br>**PLAINTIFF:** NASHAYLA MARTIN, individually and on behalf of all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANT:** UNITED GROUND EXPRESS, INC. | Δ COURT USE ONLY Δ |
| Attorneys for Plaintiff:<br><br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado 80528<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Alexander Hood, Atty Reg. # 42775<br>HOOD LAW OFFICE PLLC<br>1312 17th Street # 1028<br>Denver, CO 80202<br>Telephone: (720) 381-4142<br>Alex@HoodLawPLLC.com | Case Number:<br><br>Ctrm/Div: |
| **CLASS ACTION COMPLAINT** | |

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, an individual and citizen of the State of Colorado, was employed by Defendant.

2. Defendant is a Delaware corporation with its principal place of business in Illinois.

3. Venue in this Court is proper pursuant to C.R.C.P. 98 because the acts or omissions giving rise to the claims occurred in this county.

4. This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. § 13-1-124 and the Colorado Constitution.

## FACTUAL BACKGROUND

5. Defendant provides aviation support services at airports in Colorado.

6. Plaintiff is an hourly worker for Defendant at Denver International Airport (DIA).

7. Defendant employed Plaintiff and those similarly situated.

8. Defendant had the power to hire and fire and supervise and control work schedules and conditions of employment for Plaintiff and those similarly situated. This includes determining work schedules and supervising day-to-day work.

9. Defendant determined the rate and method of pay and maintained employment records for Plaintiff and those similarly situated. This includes issuing payroll and maintaining payroll records.

10. Plaintiff typically worked 5 days a week.

11. Plaintiff's shifts are typically scheduled to be 8 hours long, but she is often required to work more than this.

12. Plaintiff's primary job duties included preparing aircraft for interstate and international flights between scheduled arrivals and departures.

13. In performing these duties, Plaintiff was responsible for restocking and replenishing materials necessary for the operation of commercial aircraft engaged in interstate and international transportation. This included, among other things, restocking safety-related materials, promotional and informational materials located in passenger seatbacks, and other items required for passenger use and regulatory compliance.

14. Plaintiff also cleaned and serviced aircraft interiors to ensure that planes could depart on subsequent interstate or international flights. This work included cleaning and restocking the aircraft cabin, lavatories, and cockpit areas.

15. Plaintiff performed this work on aircraft that regularly traveled in interstate commerce and that were actively engaged in the continuous movement of passengers and goods across state lines.

16. Plaintiff's work was performed during the narrow window between flights and was necessary to prepare aircraft for their next departures. Without the completion of this work, aircraft could not timely and safely depart on their next flight.

***Uncompensated Pre-Shift Work***

17. Defendant required Plaintiff and those similarly situated to undergo a mandatory TSA security screening as a condition of performing their work at DIA.

18. Plaintiff and those similarly situated had no ability to bypass the required security screening or to perform their work without completing it, and Defendant required completion of the screening as a condition of employment and access to the worksite.

19. Specifically, Plaintiff and those similarly situated were required to pass through a TSA security checkpoint located in the main DIA terminal before traveling to a break room in another terminal where they clocked in to begin their shifts.

20. Plaintiff and those similarly situated were required to report to the airport with sufficient time to complete the screening and travel process before their scheduled shifts.

21. Defendant knew or should have known that employees were performing this required pre-shift activity without compensation.

22. Defendant did not permit Plaintiff and those similarly situated to clock in until after completing both the required security screening and the required travel to the break room.

23. The time spent undergoing the mandatory security screening and traveling to the designated clock-in location was for Defendant's benefit and was required as a condition of employment.

24. Nevertheless, Defendant failed to record or compensate Plaintiff and those similarly situated for this time, which typically amounted to more than ten minutes per day.

25. By failing to compensate for this pre-shift time, Defendant deprived Plaintiff and those similarly situated of wages owed, including contract wage, minimum wage, and overtime compensation.

***Uncompensated Mandatory Time***

26. Defendant required Plaintiff and those similarly situated to perform work after their scheduled shifts without compensation.

27. At the end of their scheduled shifts, Plaintiff and those similarly situated were required to return to a designated break room to clock out. However, upon returning to clock out, Plaintiff and those similarly situated were sometimes informed that, due to the press of business, they were required to continue working.

28. This additional required work time was referred to by Defendant as "mandatory time."

29. Despite requiring Plaintiff and those similarly situated to continue working during this "mandatory time," Defendant failed to record or compensate this time as hours worked.

30. As a result, Plaintiff and those similarly situated routinely performed compensable work for Defendant's benefit after the end of their scheduled shifts without pay, including time that should have been compensated at minimum wage, straight time, and overtime rates.

***Uncompensated Missed 10-Minute Breaks***

31. Plaintiff did not receive all 10-minute rest breaks and was not paid for missed 10-minute rest breaks.

32. Colorado law requires that employees be provided ten-minute rest periods in the middle of each four-hour work period or "major fractions thereof." 7 C.C.R. § 1103-1 at 5.2.

33. Defendant failed to provide Plaintiff and other non-exempt employees all required ten-minute breaks because Defendant's staffing levels and operational demands made it impracticable for employees to take compliant breaks on some occasions.

34. Defendant failed to pay Plaintiff and those similarly situated for breaks that were not provided.

35. By failing to provide all required rest breaks to its non-exempt employees, Defendant violated the Wage Claim and Minimum Wage Acts. Defendant had no legal justification for its failure to comply and, by failing to properly pay for the missed break time, shorted employees for their time-worked, including unpaid minimum wage, unpaid straight time, and unpaid overtime. 7 C.C.R. § 1103-1 at 5.2.4 ("When an employee is not authorized and permitted a required 10-minute rest period, his or her shift is effectively extended by 10 minutes without compensation.").

***Uncompensated Meal Periods***

36. In addition, Colorado law requires that employees receive meal periods, which, if off the clock, must be at least 30 minutes of time when the employee is completely relieved of duty. 7 C.C.R. § 1103-1 at 5.1.

37. Defendant deducts 30 minutes of time from Plaintiff and those similarly situated each shift for a meal period.

38. However, during these 30-minute meal periods Plaintiff and those similarly situated were required to travel to and from their work locations in the terminal to a specified break room to eat.

39. Because Plaintiff and those similarly situated were (1) required to travel to and from the break room during their uncompensated meals and (2) required to eat in a specified break room rather than the location of their choice, Plaintiff and those similarly situated were not completely

relieved of duty during the 30-minute uncompensated meal periods.

40. Plaintiff and those similarly situated are therefore owed compensation for each of the uncompensated 30-minute meal periods.

## CLASS ACTION ALLEGATIONS

41. This is a C.R.C.P. 23 class action on behalf of Plaintiff and a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

**ALL OF DEFENDANT'S HOURLY EMPLOYEES WHO WORKED FOR DEFENDANT AT DENVER INTERNATIONAL AIRPORT FROM JANUARY 1, 2024 THROUGH FINAL JUDGMENT.**

42. This action is properly brought as a class action for the following reasons:

a. The Class is so numerous that joinder of all Class Members is impracticable.

b. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues which may exist.

c. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

d. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's records. Plaintiff was subjected to the same rules and policies as all other workers that form the basis of the alleged violation. Defendant applied its policies to Plaintiff just as it did with all Class Members.

e. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff is committed to this action and has no conflict with the class members. Furthermore, Plaintiff is represented by experienced class action counsel.

f. Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**CLAIM FOR RELIEF**
**(Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*)**

43. Plaintiff incorporates by reference all paragraphs above.

44. At all material times, Defendant has been an "employer" within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq*.

45. At all material times, Defendant employed "employees," including Plaintiff and Class Members, within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq*.

46. As a result of the foregoing conduct, as alleged, Defendant failed to pay wages due thereby violating, and continuing to violate, the Colorado Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

47. As a result, Plaintiff has been damaged in an amount to be determined at trial.

48. Plaintiff and the Class Members are entitled to all unpaid wages—including unpaid hourly contract wage, minimum wages, and overtime under the Colorado Minimum Wage Act, the City of Denver Minimum Wage Ordinance, and COMPS Order—under various provisions of the Colorado Wage Claim Act, *e.g.*, C.R.S. §§ 8-4-103, -109, -110, as well as other compensatory damages, including damages for emotional distress, and penalties.

49. This Complaint is a demand pursuant to C.R.S. § 8-4-109(3)(a). That is, it is a demand for unpaid wages on behalf of Plaintiff and the Class as defined above, *i.e.*, a "demand for the payment on behalf of … a group of similarly situated employees…."

50. Plaintiff and the Class members are also entitled to attorney's fees, costs, statutory interest, statutory penalties, and all other relief deemed appropriate by the Court.

**JURY DEMAND**

51. Plaintiff demands a trial by jury as to all issues so triable.

**OTHER ALLEGATIONS**

52. As part of discovery, Plaintiff will be requesting certain documents and information from Defendant. Please note the document preservation instructions attached hereto.

53. Plaintiff's claim is a good faith, non-frivolous claim filed for the express purpose

of extending, limiting, modifying, or reversing existing precedent, law, or regulation; or for the express purpose of establishing the meaning, lawfulness, or constitutionality of a law, regulation, or United States or state constitutional right and the meaning, lawfulness, or constitutionality has not been determined by the Colorado supreme court, or for cases presenting questions under the United States constitution, to the Supreme Court of the United States. In particular, Plaintiff brings claims, as a matter of first impression to determine the compensability under Colorado state law of the time between government mandated security screenings and clocking in at an employer's time clock.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members their compensatory damages, attorney's fees and litigation expenses as provided by law;

4. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and monetary interest as provided by law;

5. Awarding Plaintiff and Class Members statutory penalties as provided by law; and

6. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this March 20, 2026.

*s/Brian D. Gonzales*

Brian D. Gonzales

*s/Alexander Hood*

Alexander Hood

*Counsel for Plaintiff*